UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK SCOTT                                                    CIVIL ACTION

VERSUS

JASON COLLINS                                                    NO.: 14-00509-BAJ-SCR

## RULING AND ORDER

Derrick Scott ("Plaintiff"), an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action *pro se* against Dr. Jason Collins pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleged that Defendant failed to provide him with adequate medical treatment for back and neck injuries. (Doc. 1). Specifically, Plaintiff alleged that although he has made numerous sick call requests for complaints of neck and back pain, the defendant has failed to refer him to an orthopedist. (Doc. 1 at pp. 1, 8). Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the United States Court of Appeals for the Fifth Circuit held that: (1) section 1915(g) applies to cases

pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the Court of Appeals count for the purposes of the statute. *Id.* Dismissals include only those for which appeal has been exhausted or waived. *Id.* However, dismissals later reversed are not to be counted as a strike. *Id.* By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id.*

Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was denied because on three prior occasions during detention, Plaintiff brought an action that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.[1]

On September 26, 2014, Plaintiff was granted twenty-one days from the date of the Court's Order to pay the filing fee in the amount of $400.00. (Doc. 4). On October 6, 2014, Plaintiff filed a Motion to Object to Magistrate Judge Ruling on Plaintiff To Proceed In Forma Pauperis. (Doc. 6). On March 9, 2015, Plaintiff's Motion to Object to Magistrate Judge Ruling on Plaintiff To Proceed In Forma Pauperis was denied. (Doc. 7).

---

[1] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed *in forma pauperis* in cases involving imminent danger of serious physical injury. However, Plaintiff's claims do not fall under this exception.

A review of the record reveals that more than twenty-one days has elapsed, and Plaintiff still has not paid the filing fee. Accordingly, Plaintiff's Complaint shall be **DISMISSED**.

Baton Rouge, Louisiana, this 30th day of March, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**